UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS I. HESTAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00280-SEB-MJD |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Thomas I. Hestand ("Hestand") requests judicial review of the final decision of

the Commissioner of the Social Security Administration ("Commissioner") denying his

application for Social Security Disability Insurance Benefits ("DIB") under Title II and for

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). *See*

42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3). For reasons set forth below, the Magistrate Judge

recommends that the District Judge **AFFIRM** the decision of the Commissioner.

**I.   Background**

Hestand filed his applications for DIB and SSI on August 23, 2011, alleging an onset of

disability of February 14, 2006, due mainly to his Coronary Artery Disease and Arthritis

problems.  [R. at 23.]  Hestand's applications were denied initially on January 6, 2012 and

denied on reconsideration on February 28, 2012.  [*Id.*]  Hestand timely requested a hearing,

which was held before Administrative Law Judge Brenton Rogozen ("ALJ") on April 26, 2013.

[R. at 72.]  The ALJ's July 15, 2013 decision also denied Hestand's applications for DIB and

SSI, and on January 21, 2015 the Appeals Council denied Hestand's request for review, making

the ALJ's decision the final decision for the purposes of judicial review.  [R. at 1-7.]  Hestand

timely filed his complaint with this Court on February 20, 2015, which is now before the Court.

## II.   Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability, pursuant to 42 U.S.C. §

416. Therein, disability is defined as the "inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C. § 416(i). In determining whether a claimant is disabled, the

Commissioner employs a five-step sequential analysis: (1) if the claimant is engaged in

substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe"

impairment that significantly limits his ability to perform basic work activities, he is not

disabled; (3) if the Commissioner determines that the claimant's impairment does not meet or

medically equal any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404,

subpt. P, App. 1, the claimant is not disabled; (4) if the claimant is not found to be disabled at

step three and he is able to perform his past relevant work, he is not disabled; and (5) if the

claimant can perform certain other available work, he is not disabled. 20 C.F.R. § 404.1520.

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be

upheld by this Court "so long as substantial evidence supports them and no error of law

occurred." *Dixon v. Massanari*, 270 F.3d. 1171, 1176 (7th Cir. 2001). The standard of substantial

evidence is measured by whether "a reasonable mind might accept [the evidence] as adequate to

support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000) (quoting *Diaz v.

Chater*, 55 F.3d 300, 305 (7th Cir. 1995)). This court may not reweigh the evidence or substitute

its judgment for that of the ALJ, but may only determine whether or not substantial evidence

supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ

"need not evaluate in writing every piece of testimony and evidence submitted," *Carlson v.*

*Shalala*, 999 F.2d 180, 181 (7th Cir. 1993), but the ALJ must consider "all the relevant

evidence," *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ

must articulate his analysis of the evidence in his decision; he must "build an accurate and

logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III.  The ALJ's Decision

The ALJ first determined that Hestand met the insured status requirements of the Act

through March 31, 2011 and has not engaged in substantial gainful activity since February 14,

2006, the alleged onset date.  [R. at 25.]  At step two, the ALJ found that Hestand's Coronary

Artery Disease and Arthritis were severe impairments, as defined by the Act.  [R. at 25-26.]

However, at step three the ALJ found that Hestand does not have an impairment that meets or

medically equals one of the applicable listed impairments: Listing 4.04 for his Coronary Heart

Disease and Listing 14.09 for his Arthritis.  [R. at 28.]

After step three but before step four, the ALJ, after "careful consideration of the entire

record," determined that Hestand has the residual functional capacity to perform "light work"

with the exception that "he should not climb ladders, ropes or scaffold" and that he should be

"limited to no more than frequently reaching overhead with his right shoulder."  [R. at 28.]

Finally, at step four, the ALJ found that Hestand was "capable of performing past relevant work

as a systems analyst" because this work did "not require the performance of work-related

activities precluded by [Hestand's] residual functional capacity."  [R. at 31.]  Based on these

findings, the ALJ concluded that Hestand is not disabled, as defined by the Social Security Act.

[R. at 32.]

## IV.  Discussion

Hestand raises three issues on appeal: (A) the ALJ failed to consider a court order against Hestand; (B) the ALJ failed to properly address evidence in support of meeting Listing 1.02; and (C) the ALJ failed to perform a strict function-by-function analysis as part of his residual functional capacity assessment. The Court finds no reversible error on the basis of these issues.

### A. The ALJ appropriately disregarded Hestand's Court Order

Hestand first argues the ALJ failed to consider the impact of a court order that prohibits him from using a computer or accessing the Internet without the prior approval of his probation officer.  Specifically, he argues the order issued against him for his conviction for computer enticement should have been considered in the ALJ's analysis of whether he could perform his past relevant work as a system analyst. When determining disability, an ALJ may find an individual disabled if he cannot "engage in any substantial gainful activity by reason of any medically determinable *physical or mental impairment*…" 42 U.S.C. § 416(i) (emphasis added); *see also* 42 U.S.C. § 423(d)(1)(A).  The order restricting Hestand's computer use is neither a physical or mental impairment, therefore it is not relevant to his disability claim. The relevant issue for the ALJ's analysis was whether a physical or mental impairment prevents Hestand from performing the job, not whether the job is practically available.  The Supreme Court made this clear in *Barnhart v. Thomas*, 540 U.S. 20 (2003) by holding that a claimant could perform her past relevant work even though her job as an elevator operator no longer existed. *See also Amos v. Astrue*, No. 1:11-cv-01627-DML-SEB, 2013 WL 1003224, *6, n.1 (S.D. Ind. 2013) (noting that even though claimant's lack of education and illiteracy would undoubtedly limit his job prospects, these issues were irrelevant to a disability analysis). Hestand's case is no different. Just as the Supreme Court in *Thomas* appropriately disregarded whether the claimant could

obtain her relevant work as an elevator operator, so too did the ALJ appropriately disregard whether Hestand could obtain his relevant work as a system analyst. In fact, Hestand's case is weaker than in *Thomas* as the job of a system analyst exists and is still available to Hestand, so long as he gains prior approval from the U.S. Probation Office or the Court. [R. at 237.] Therefore, because the ALJ correctly limited his analysis to physical or mental impairments, he did not err in regard to this issue.

### B. Listing 1.02: Major Dysfunction of a Joint(s)

Next Hestand argues the ALJ failed to properly address the evidence in support of meeting Listing 1.02 during step three. At step three, the claimant "has the burden of showing that his impairments meet a listing, and he must show that his impairments satisfy all of the various criteria specified in the listing." *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). When evidence in the record indicates the possible preference of a listed impairment, "an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Here, Hestand argues he met the burden of showing his impairments met Listing 1.02. Listing 1.02 requires major dysfunction of a joint(s) that results either in: (A) an "inability to ambulate effectively" so that independent ambulation is not permitted "without the use of a hand-held assistive device(s) that limits the function of both upper extremities" or (B) an "inability to perform fine and gross movements effectively" so that one has the "inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files" or any other inability that "interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R. Pt. 404, subpt. P, App. 1.02, 1.00(B).

Though Hestand points to impairments that interfere with his day-to-day activities, none meet the criteria required in Listing 1.02. First, Hestand did not address in his hearing or in his brief any assistive hand-held device used for walking, as required by Listing 1.02(A). And second, Hestand stated in his hearing that he is able to drive [R. at 75], comb his hair [R. at 92], go shopping [R. at 95], and pick up sticks in his backyard [*Id.*], all of which disqualifies Hestand from Listing 1.02(B). As Hestand did not meet his burden of showing his impairments met Listing 1.02, the ALJ had no obligation to discuss the listing. Thus, the ALJ did not err in regard to this issue.

### C. Residual Functional Capacity Analysis

Finally, Hestand argues the ALJ erred after step three but before step four by failing to perform a strict function-by-function analysis as part of his residual functional capacity ("RFC") assessment. RFC is used to determine what work a claimant can perform considering his or her impairment. To assess RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p. These functions include physical abilities (what a job physically requires, e.g. walking, lifting, carrying), mental abilities (what a job mentally requires, e.g. understanding, remembering, work pressures), and any other work-related abilities that may be affected by an impairment. 20 CFR § 404.1545(b)-(d). Hestand asserts the ALJ was required to provide a function-by-function assessment of his RFC. The Court disagrees.

The ALJ examined testimony, objective medical evidence, and opinion evidence in finding Hestand's RFC. After reviewing various findings and diagnoses, the ALJ concluded Hestand's range of motion deficits and intermittent chest pain would "preclude him from more than light work with various postural and manipulative limitations…" [R at 30.]  Though the

ALJ in this case examined Hestand's evidence in detail and discussed Hestand's symptoms and medical source opinions, he did not perform a strict function-by-function assessment. However, the Seventh Circuit has held that "the expression of a claimant's RFC need not be articulated function-by-function" and that "a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 Fed.Appx. 652, 657 (7th Cir. 2009); *see also Erwin v. Astrue*, No. 1:11-cv-0319-DML-JMS, 2012 WL 896377, *6 (S.D. Ind. 2012) (holding that "[t]he ALJ's RFC does not fail for lack of an explicit function-by-function discussion"); *Herrera v. Astrue*, 893 F.Supp.2d 933, 942 (N.D. Ill. 2012) ("an ALJ is not required to provide an item-by-item or function-by-function analysis of the claimant's RFC").

The ALJ provided a narrative discussion by commenting thoroughly on Hestand's ability to perform daily functions such as driving, cooking, shopping, mowing, cleaning, walking, squatting, standing, finger dexterity, and other abilities needed to perform light work. [R. at 28-31.] He also reviewed medical opinions of doctors who had already examined Hestand on a function-by-function basis [R. at 31.] Finally, the ALJ compared objective medical evidence and medical opinions with Hestand's alleged symptoms to help determine his true ability to perform certain functions. [R. at 29-31.]. In sum, the ALJ's RFC analysis comprised a comprehensive narrative discussion of Hestand's functions by examining symptoms and medical opinions, thus properly assessing Hestand's RFC. *See Laabs v. Astrue*, No. 10-C-1050, 2011 WL 2115902, *4 (E.D. Wis. 2011) (finding that "there may be multiple ways to comply with the mandate contained in SSR 96-8p, such as a narrative format rather than, for example, a list where each element is followed by an explicit finding"). Moreover, Hestand "does not draw [the Court's] attention to any evidence that conflicts with the ALJ's conclusion." *Knox*, 327 Fed.Appx at 657. Because the ALJ reviewed in detail Hestand's symptoms and medical source opinions, and

because a strict function-by-function assessment need not be articulated, the ALJ provided a

sufficient RFC analysis. Thus, the ALJ did not err in regard to this issue.

## V.  Conclusion

For the aforementioned reasons, substantial evidence supports the ALJ's determination

that Hestand is not disabled, pursuant to the Social Security Act, and the Commissioner's

decision should therefore be **AFFIRMED**. Any objections to the Magistrate Judge's Report and

Recommendation shall be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72(b), and failure to timely file objections within fourteen (14) days after service shall constitute

a waiver of subsequent review absent a showing of good cause for such failure.


Dated:  21 OCT 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

J. Frank Hanley II
J. FRANK HANLEY II, P.C.
lauras@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov